## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KAYLA FRIESS, and ISSA HADDAD,
individually and
on behalf of all others similarly situated,

    Plaintiffs,       Case No. _____

              Hon. _____

v.

CITY OF DETROIT,       **Complaint and Jury Demand**
DUNCAN SOLUTIONS, INC.,    **Class Action**
NORMAN L. WHITE, and     **Declaratory and Injunctive Relief**
JAMES R. CANTY, JR,
jointly and severally,
and in their individual and official capacities.

    Defendants.

_____/
Shaun P. Godwin (74500)
*Attorney for Plaintiffs*
Godwin Legal Services, PLC
450 W Fort St, Ste 200
Detroit MI 48226
313-288-2826 / Fax: 313-457-1670
shaun@godwinlegal.com
_____/

## <u>VERIFIED CLASS ACTION COMPLAINT & JURY DEMAND</u>

## <u>I.</u>  <u>INTRODUCTION</u>

1.  This case is about the City of Detroit, its officials, and Duncan

Solutions, Inc., the United States' largest private and for-profit municipal meter

1

parking system contractor, partnering in a scheme to assess parking fines and late fines in unlawful and unauthorized amounts in order to convert the law enforcement function of street parking enforcement into a City revenue stream and generate private profit at the expense of every person who had the misfortune of receiving a parking citation since the summer of 2014.

2.     In the spring of 2014, Kevyn Orr, the State of Michigan imposed Emergency Manager for the City of Detroit, issued an Order proposing an ordinance to amendment City Code Sec. 55-2-42, which contained the City's parking violation fine and late fine schedule and provided for a $10.00 early payment discount on assessments paid within 10 days of the alleged violation.

3.     The Emergency Manager's proposed ordinance to amend Sec. 55-2-42 would have significantly raised the dollar amount of all fines and late fines and eliminated the early payment discount.

4.     News stories were published, which insinuated that the Emergency Manager's Order would cause the proposed ordinance to be enacted and thereby increase the parking fine schedule and eliminate the early payment discount.

5.     Gary Brown, the City's Chief Compliance Officer under the Emergency Manager's regime, was reported as stating that the proposed ordinance and new fine schedule would take effect sometime after June 1, 2014.

6.     However, the Emergency Manager's proposal for an ordinance to

amend Sec. 55-2-42 was never enacted or published and never became the law.

7.    Instead on July 1, 2014, Ordinance No. 09-14 was enacted and published, which replaced Chapter 55 of the Detroit Code in its entirety.

8.    Ordinance No. 09-14 established a parking fine schedule with rates consistent with former City Code Sec. 55-2-42. Additionally, Ordinance No. 09-14 continued to provide an early payment discount for violations paid within 10-days of being assessed. Further, Ordinance No. 09-14 adopted by reference the State's Motor Vehicle Code and Uniform Traffic Code, which authorized the City to prosecute violations of these state laws and obtain a portion of the resulting payments.

9.    In the summer of 2014, despite the lack of any duly enacted and published ordinance that would allow for higher fines to be imposed, Defendants began to wrongfully issue citations with increased fines (consistent with the increased fine schedule that the Emergency Manager's Order had proposed), eliminated the early payment discount and omitted any reference to the early-payment discount on the citations.

10.    Millions of dollars in unlawful and unauthorized fines have been assessed and collected by the Defendants as a result of their wrongful actions and to the detriment tens of thousands of car owners (if not more) who were assessed excessive fines for alleged parking violations.

11.    By and through their attorney, on behalf of themselves and others similarly situated, Plaintiffs seek declaratory and injunctive relief against Defendants to end this unconstitutional scheme because it violates substantive and procedural due process as secured by the Fifth and Fourteenth Amendments to the US Constitution and the Eighth Amendment right to be free of excessive fines. Further, the scheme is in violation of Michigan State law and inequitable.

## II.    NATURE OF THE ACTION

12.    The Defendants assessed, and continue to assess, parking fines at rates higher than those allowed by City ordinance, collect those assessed fines at rates higher than those allowed by City ordinance and enforce collection of these unlawful fines, through the court system, by booting, towing and selling vehicles and through the suspension of driver's licenses. Further, Defendants failed to provide early payment discounts as prescribed by City ordinance. Plaintiffs seek declaratory and injunctive relief to prohibit and correct this unlawful scheme.

13.    Defendants violated Plaintiffs' substantive due process rights under the US Constitution because it was fundamentally unfair for the Plaintiffs to be assessed unlawful and unauthorized fines in excess of those prescribed by law.

14.    Defendants violated Plaintiffs' procedural due process rights under the US Constitution where Plaintiffs had a property interest in their U.S. currency and financial credit and a right to be free from assessment of unlawful and

4

unauthorized fines in excess of those prescribed by law.

15.    Defendants violated Plaintiffs' Constitutional right to be free of excessive fines when they were assessed unlawful and unauthorized fines in excess of those allowed by law.

16.    Defendants City of Detroit and Duncan Solutions, Inc, unjustly enriched themselves, to the detriment of the Plaintiffs, when they assessed and collected unlawful and unauthorized fines in excess of those allowed by law.

17.    Defendants City of Detroit and Duncan Solutions, Inc, committed *assumpsit*, to the detriment of the Plaintiffs, when they assessed and collected unlawful and unauthorized fines in excess of those allowed by law.

18.    Defendant Duncan Solutions, Inc, committed common law fraud against the Plaintiffs through the assessment and collection of unlawful and unauthorized fines in excess of those allowed by law.

19.    Defendants acted with gross negligence when they assessed and collected unlawful and unauthorized fines from the Plaintiffs in excess of those allowed by law and caused them injury in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury would result from a breach of their duties.

20.    Defendant Duncan Solutions, Inc, was negligent and breached its duty to the Plaintiffs when it assessed and collected from the Plaintiffs unlawful and

unauthorized fines in excess of those allowed by law, which caused them injury.

21.     Plaintiffs are entitled to declaratory and injunctive relief to halt the Defendants from continuing to carry out this unlawful and unauthorized scheme.

### III.    JURISDICTION AND VENUE

22.     Original and supplemental jurisdiction is conferred by 28 USC § 1331 (federal question), 28 USC § 1343 (civil rights), 28 USC § 1332(d) (class action) and 28 USC § 1367(a) (pendant jurisdiction). Federal question jurisdiction is conferred to Plaintiffs, and all other persons similarly situated, for violations of their civil rights secured by the US Constitution and made actionable under 42 USC § 1983 is conferred by 28 USC § 1331, since these violations were carried out under the color of law. Original jurisdiction is conferred to Plaintiffs, and all others similarly situated, for violations of their civil rights secured by the US Constitution and made actionable under 42 USC § 1983 violations is conferred by 28 USC § 1343 since these violations were carried out under the color of law.

23.     Venue is proper pursuant to 28 USC § 1391, since all Defendants reside or are located and/or doing business in the Eastern District of Michigan and the events giving rise to this action occurred, in significant part, within this District. The named individual Defendants were at all times relevant to this complaint acting in the scope of their duties under color of law.

## IV.   PARTIES

24.   Plaintiff Kayla Friess is a 25-year-old resident of Detroit, Michigan. Exhibit 1, Declaration of Kayla Friess. Plaintiff Kayla Friess was cited for numerous parking violations by the City of Detroit on a car owned and registered to her. At least one of the parking citations assessed a $45.00 fine and she was charged $45.00 to resolve the citation, even though she paid the fine within 10 days.

25.   Plaintiff Issa Haddad is a 40-year-old resident of West Bloomfield, Michigan. Exhibit 2, Declaration of Issa Haddad. Plaintiff Issa Haddad was cited for numerous parking violations by the City of Detroit on cars owned and registered to him. At least one of the parking citations assessed a $45.00 fine and he was charged $45.00 to resolve that citation.

26.   Defendant City of Detroit is a municipal corporation organized under the laws of the State of Michigan that is located in the County of Wayne in the Eastern District of Michigan, which operates a Municipal Parking Department ("MPD") and a Parking Violations Bureau ("PVB") as a part of its responsibilities and services. At all times relevant herein, this Defendant acted under color of regulation, usage, custom, and law and pursuant to its policies, practices and customs, as did the other Defendants herein.

27.   Defendant Duncan Solutions, Inc., is a corporation formed and

7

existing under the laws of the State of California. It has offices and does business in the City of Detroit, Wayne County, State of Michigan, where it provided, and provides, on street parking enforcement, parking citation processing and administrative services under contract to the City of Detroit and in service to the MPD and PVB. At all times relevant herein, this Defendant acted under color of regulation, usage, custom, and law and pursuant to its policies, practices and customs, as did the other Defendants herein.

28.   Defendant, Norman L. White ("White"), was at all times relevant to this complaint the Director of the City of Detroit's MPD. At all times relevant herein, this Defendant acted, pursuant to his authority and responsibility as an official of the City of Detroit, under color of regulation, usage, custom, and law and pursuant to its policies, practices and customs, as did the other Defendants herein. He is sued in his individual and official capacities.

29.   Defendant, James R. Canty, Jr ("Canty"), was at all times relevant to this complaint the Manager of the City of Detroit's PVB. At all times relevant herein, this Defendant acted, pursuant to his authority and responsibility as an official of the City of Detroit, and under color of regulation, usage, custom, and law and pursuant to its policies, practices and customs, as did the other Defendants herein. He is sued in his individual and official capacities.

30.   As Director of MPD for the City of Detroit, Defendant White is

8

responsible for City of Detroit's unlawful actions because he was and continues to be the final decision maker on policy concerning parking violation assessment rates and the assessment of these the unauthorized and excessive fines complained of.

31.    As Manager of PVB for the City of Detroit, Defendant Canty is responsible for City of Detroit's actions because he was and continues to be the final decision maker on policy concerning parking violation assessment rates and the assessment of these the unauthorized and excessive fines complained of.

32.    Qualified immunity is not available to municipal Defendants City of Detroit and Duncan Solutions, Inc.

33.    Defendants are not entitled to immunity under the Governmental Tort Liability Act. MCL 691.1401, *et seq*.

34.    The acts of the Defendants were undertaken intentionally, willfully, callously and recklessly, with deliberate indifference to Plaintiffs' rights.

35.    The acts of the Defendants were the proximate cause of the injuries suffered by Plaintiffs.

36.    The acts of the Defendants were inequitable and Plaintiffs must be made whole.

## V.    FACTUAL ALLEGATIONS

### A. Introduction

37.    In the summer of 2014, the Defendants began to assess parking fines for amounts in excess of the fines permitted and prescribed by ordinance for the particular alleged offense and unlawfully eliminated the $10.00 early-payment discount for those who elected to pay within 10 days of the assessment being issued.

### B. Plaintiffs' citations

38.    Both of the named Plaintiffs received parking violation citations, on vehicles registered to them, which stated a fine in excess of that allowed by ordinance. Both paid the stated fine to resolve the citation, which was an amount greater than that authorized by ordinance and law. Additionally, Plaintiff Kayla Friess was charged for the face value of the unlawful and unauthorized fine, which appeared on the face of the parking citation, despite the fact that she tendered payment for the alleged violation within 10 days.

## VI.    CLASS ACTION ALLEGATIONS

39.    The named Plaintiffs bring this action, on behalf of themselves and all others similarly situated, to assert the claims alleged in this Complaint on a common basis.

40.    A class action is a superior means, and the only practicable means, by

10

which the named Plaintiffs and unknown Class Members can challenge Defendants' unconstitutional scheme.

41.   This action is brought and may properly be maintained as a Class action pursuant to Rule 23(a)(l)–(4) and Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure.

42.   This action satisfies the numerosity, commonality, typicality, and adequacy requirements of those provisions.

43.   Plaintiffs propose one Class.

44.   The Class is defined as: all persons with vehicles registered to them who were assessed parking fines in excess of fines authorized by ordinance.

**A. Numerosity — Fed. R. Civ. P. 23(a)(1)**

45.   On information and belief, around 300,000 parking citations were issued each year by the Defendants impacting thousands of registered car owners of residents from across the United States and Canada.

**B. Commonality — Fed. R. Civ. P. 23(a)(2)**

46.   The relief sought is common to all Class Members, and common questions of law and fact exist as to all Class Members. The named Plaintiffs seek relief concerning whether the scheme violates the rights of the Class Members and relief mandating that Defendant end the scheme, so that the constitutional rights of the Class Members will be protected in the future and additionally, obtaining

appropriate damages, compensation and other equitable remedies.

47.    These common legal and factual questions arise from one scheme: Defendants' assessment of unlawful and unauthorized parking fines.

48.    The essential facts and legal issues do not vary from Class Member to Class Member and the resolution of these legal and factual issues will determine whether all Class Members are entitled to the relief they seek.

49.    Among the most important, but not the only, common questions of fact are:

- Whether Defendants assessed parking fines and late fines in excess of those allowed by ordinance and law.

- Whether Defendants collected parking fines and late fines in excess of those fines allowed by ordinance and law.

- Whether Defendants had an unconstitutional practice, custom, policy, or pattern that resulted in constitutional violations.

- Whether the fundamental principle of due process requires that fines assessed be lawful and authorized.

- Whether assessment of an unlawful and unauthorized fine is an excessive fine.

## C. Typicality — Fed. R. Civ. P. 23(a)(3)

50.    The named Plaintiffs' claims are typical of the other Class Members' claims and they have the same interests in this case as all other Class Members. Each Class Member has been assessed a parking violation fine by the Defendants in greater than the fine amount authorized by law. The answer of whether

12

Defendants' scheme is unconstitutional, unlawful under state law and inequitable will determine the claims of the named Plaintiffs and every other Class Member.

51.    If the named Plaintiffs succeed in the claims that Defendants' activities, policies and practices resulted in the assessment of unauthorized and unlawful parking assessment fines and are entitled to relief under the Constitution, state law and in equity, that ruling will likewise benefit every other Class Member.

**D. Adequacy — Fed. R. Civ. P. 23(a)(4)**

52.    The named Plaintiffs are adequate representatives of the Class because their interests in the vindication of the legal claims that they raise are entirely aligned with the interests of the other Class Members, who each have the same basic constitutional claims. They are members of the Class, and their interests coincide with, and are not antagonistic to, those of the other Class Members.

53.    There are no known conflicts of interest among Class Members, all of whom have a similar interest in vindicating their constitutional rights in the face of Defendants' unlawful parking violation fine scheme and recovering property lost as a result the Defendants' failure to make assessments and collections in accordance with the clearly establish fine schedule.

54.    Plaintiffs are represented by Shaun P. Godwin, an attorney who has experience in litigating complex civil rights matters in Federal Court and extensive

knowledge of both the details of Defendants' scheme and the relevant constitutional and statutory law.

55.    The efforts of Class counsel have so far included extensive investigation into Defendants' scheme, including interviews with witnesses, attorneys and national experts in constitutional law, law enforcement, municipal law, the State of Michigan's emergency manager law, judicial procedures and criminal law.

56.    Class counsel has a detailed understanding of local law and practices as they relate to Federal constitutional requirements.

57.    As a result, Counsel has devoted substantial time and resources to becoming intimately familiar with Defendants' scheme and with the relevant State and Federal laws. The interests of the Class Members will be fairly and adequately protected by the named Plaintiffs and their attorneys.

### E. Rule 23(b)(1) and (2)

58.    Class action status is appropriate because Defendants have acted in the same unconstitutional manner with respect to all Class Members.

59.    Class action status is appropriate pursuant to Rule 23(b)(1) because prosecution of separate action by individual members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the

individual adjudications or would substantially impair or impede their ability to protect their interests

60.    The Class therefore seeks declaratory and injunctive relief to enjoin Defendants from assessment and collection of unauthorized and inflated fines. Because the putative Class challenges Defendants' scheme as unconstitutional through declaratory and injunctive relief that would apply the same relief to every Class Member, Rule 23(b)(2) certification is appropriate and necessary.

61.    Injunctive relief compelling Defendants to comply with these constitutional rights will similarly protect each Class Member from being subjected to Defendants' unlawful policies and practices in the future. A declaration and injunction stating that Defendants cannot assess or collect excessive parking violation fines would provide relief to every Class Member. Therefore, declaratory and injunctive relief with respect to the Class as a whole is appropriate.

## VII.    CLAIMS FOR RELIEF

### COUNT I
### Municipal Liability for Violations of the Fifth, Eighth, and Fourteenth Amendments to the US Constitution
### (Federal Law – 42 USC § 1983)

62.    Plaintiffs hereby incorporate by reference herein all Paragraphs of this Complaint, as if fully state herein.

63.    Under 42 U.S.C. § 1983, municipal Defendant City of Detroit is a

15

"person" liable for its unconstitutional practices, customs, policies, or patterns that result in constitutional violations.

64.    Further, municipal Defendant Duncan Solutions, Inc. is a "person" acting under the color of law as a contractor for the municipality and is liable for their unconstitutional practices, customs, policies, or patterns that result in constitutional violations.

65.    Municipal Defendants City of Detroit and Duncan Solutions, Inc. had an unconstitutional practice, custom, policy, and pattern of using their agents and employees to assess and collect parking violations with inflated parking fines not authorized by ordinance on Plaintiffs and the Class in violation of the US Constitution.

66.    The unconstitutional acts of agents and employees of the City of Detroit and Duncan Solutions were undertaken pursuant to a practice, custom, policy, pattern, or decision by, Defendants White and Canty to direct agents and employees of the municipal Defendants to assess and collect parking fines not authorized by ordinance to Plaintiffs and the Class.

67.    The Defendants' unconstitutional scheme to assess and collect parking violation fines in excess of those prescribed by ordinance was in violation of Fifth, Eighth, and Fourteenth Amendments:

    a. Defendants violated Plaintiffs' and the Class Members' substantive due process rights because it is fundamentally unfair to assess and

16

collect unlawful and unauthorized fines in excess of those allowed by law.

b.  Defendants violated Plaintiffs' and the Class Members' procedural due process rights because Plaintiffs have a property interest in their U.S. currency and a right to be free from the assessment and collection unlawful and unauthorized fines in excess of those allowed by law.

c.  Defendants violated Plaintiffs' and the Class Members' right to be free of excessive fines because they assessed and collected unlawful and unauthorized fines in excess of those allowed by law.

Therefore, municipal Defendants City of Detroit and Duncan Solutions are liable under a theory of municipal liability for these violations. Further, final policy and decision-makers Defendants White and Canty are liable for these violations.

68.    Qualified immunity is not available applicable to municipal Defendants.

WHEREFORE Plaintiffs and the Class pray this Honorable Court to enter Judgment against Defendants Detroit and Duncan Solutions, Inc. and award Plaintiffs and the Class damages in such amount as to adequately compensate them along with their attorneys' fees and costs pursuant to USC §1988.

## COUNT II
## Unjust Enrichment
### (State Law)

69.    Plaintiffs hereby incorporate by reference herein all Paragraphs of this

Complaint, as if fully state herein.

70.    Defendants City of Detroit and Duncan Solutions, Inc. are responsible in equity to Plaintiffs and the Class for common law unjust enrichment resulting from their scheme to assess and collect parking violation fines at rates in excess of those rates prescribed by ordinance and cannot equitably retain the unlawfully received proceeds.

71.    Defendants received a benefit when Plaintiffs and the Class paid parking violation fines assessed at unlawful and unauthorized rates in excess of those prescribed by ordinance. Defendants received a further benefit when Plaintiffs and the Class were not provided with the early-payment discount to those fines prescribed by ordinance.

72.    It is inequitable for Defendants to retain the proceeds from Plaintiffs and the Class for parking violation fines assessed at unauthorized rates and without the authorized by early-payment discount to those fines.

73.    As a direct and proximate cause of the Defendants' improper conduct, the Defendants have collected millions of dollars in fines to which they were not legally entitled.

74.    Under equitable principles, the Defendants should be required to disgorge those fines unlawfully collected.

75.    Defendants are not entitled to governmental immunity pursuant to the

18

Governmental Liability Immunity Act for this equitable claim.

WHEREFORE Plaintiffs and the Class pray that this Honorable Court enter Judgment against Defendants Detroit and Duncan Solutions, Inc. and make an equitable award to them that will adequately compensate them for those fines wrongfully obtained by the Defendants including, but not limited to, interest, costs and attorney fees and other damages, as allowed in equity.

## COUNT III
## Assumpsit / Money Had and Received
### (State Law)

76.     Plaintiffs hereby incorporate by reference herein all Paragraphs of this Complaint, as if fully state herein.

77.     Defendants City of Detroit and Duncan Solutions, Inc. have assessed and collected parking violation fines against Plaintiffs and the Class in excess of those authorized by ordinance.

78.     These excess fines constitute an unlawful exaction.

79.     A claim to recover amounts paid to a governmental unit in excess of the amount allowed under law is properly filed as an equitable action in assumpsit for money had and received.

80.     Plaintiffs and the Class are entitled to an equitable action of assumpsit to recover the illegal exaction from the Defendants.

81.     As a direct and proximate cause of the Defendants' improper conduct,

the Defendants have collected millions of dollars in fines to which they were not legally entitled.

82.    By paying the excessive fines, Plaintiff and the Class have conferred a benefit upon the city.

83.    Under equitable principles, the Defendants should be required to disgorge those fines unlawfully collected.

84.    Defendants are not entitled to governmental immunity pursuant to the Governmental Liability Immunity Act for this equitable claim.

WHEREFORE Plaintiffs and the Class pray that this Honorable Court enter Judgment against Defendants Detroit, and Duncan Solutions, Inc., and make an equitable award to them that will adequately compensate them for those fines wrongfully exacted by the Defendants including, but not limited to, interest, costs and attorney fees and other damages, as allowed in equity.

## COUNT IV
## Common-Law Fraud
### (State Law)

85.    Plaintiffs hereby incorporate by reference herein all Paragraphs of this Complaint, as if fully state herein.

86.    Defendant Duncan Solutions, Inc. is liable to Plaintiffs and the Class under common-law fraud for parking fine amounts obtained in excess of those allowed by ordinance.

87.     Defendant made a material misrepresentation to the Plaintiffs and the Class when they issued parking citations with an unauthorized fine amount stated on them which was higher than the authorized fine schedule for the particular violation and failed to state the availability of and/or otherwise provide them with an early payment discount for fines paid within 10-days of the assessment.

88.     Defendant knew their representation was false or made it willfully, recklessly and callously without positive assertion and knowledge of its truth.

89.     Defendant intended that Plaintiffs and the Class would rely on their representation and make payment of the assessed fine for an amount greater than that which Defendant was entitled.

90.     Plaintiffs and the Class acted in reliance on the misrepresentation and paid Defendant the unauthorized and excessive fine amounts.

91.     Plaintiffs and the Class incurred damages when they paid the assessed unlawful, unauthorized and excessive fines to Defendant in an amount greater than that which Defendant was entitled to receive.

92.     As a direct and proximate cause of the Defendant's fraud, the Defendant has collected millions of dollars in fines which they were not legally entitled to collect.

WHEREFORE, Plaintiffs and the Class pray that this Honorable Court enter Judgment against Defendant Duncan Solutions, Inc., in an amount in excess of

$25,000.00 that is fair, just and equitable for the injuries and damages so wrongfully sustained by the Plaintiffs and the Class including, but not limited to, compensatory damages, interest, costs and attorney fees and other damages, as allowed in law or equity.

## COUNT V
## Gross Negligence
### (State Law)

93.    Plaintiffs hereby incorporate by reference herein all Paragraphs of this Complaint, as if fully state herein.

94.    Defendants City of Detroit, Duncan Solutions, Inc., Norman L. White and James R. Canty, Jr, owed a duty of care to Plaintiffs and the Class.

95.    Defendants City of Detroit, Duncan Solutions, Inc., Norman L. White and James R. Canty, Jr, breached their duties in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury would result from a breach of their duties and are liable for their direct gross negligence and for the gross negligent actions of their employees and agents. Such actions include, but are not limited to:

   a. failing to assess parking violations fines at the rate prescribed by ordinance;

   b. assessing parking violation fines at a rate in excess of the fines prescribed by ordinance;

   c. assessing late fines for parking violation fines that remained

22

> unpaid after 30 days at a rate in excess of the late fines prescribed by ordinance;
>
> d. collecting fines and late fines at rates and in amounts that were in excess of the ordinance; and
>
> e. failing to inform alleged parking violators of their right to pay at a reduced rate upon payment of fine within 10 days from date the fine was assessed.

96.     As a direct and proximate result of Defendants grossly negligent acts and omissions, Plaintiffs and the Class, suffered injury damages including, but not limited to, a financial loss.

WHEREFORE, Plaintiffs and the Class pray for that this Honorable Court enter Judgment against Defendants Detroit, Duncan Solutions, Inc., Norman L. White and James R. Canty, Jr, in an amount in excess of $25,000.00 that is fair, just and equitable for the injuries and damages so wrongfully sustained by the Plaintiffs and the Class including, but not limited to compensatory damages, interest, costs and attorney fees and other damages, as allowed in law or equity.

## COUNT VI
### Negligence
**(State Law)**

97.     Plaintiffs hereby incorporate by reference herein all Paragraphs of this Complaint, as if fully state herein.

98.     Defendant Duncan Solutions, Inc., owed a duty of care to Plaintiffs and the Class.

99.    Defendant breached its duties and is liable for its direct negligence and for the negligent actions of its employees and agents. Such actions include, but are not limited to:

a.    failing to assess parking violations fines at the rate prescribed by ordinance;

b.    assessing parking violation fines at a rate in excess of the fines prescribed by ordinance;

c.    assessing late fines for parking violation fines that remained unpaid after 30 days at a rate in excess of the late fines prescribed by ordinance;

d.    collecting fines and late fines at rates and in amounts that were in excess of the ordinance assessed parking violation fines; and

e.    failing to inform alleged parking violators of their right to pay at a reduced rate upon payment of fine within 10 days from date the fine was assessed.

100.    As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiffs and the Class, suffered  injury and damages including, but not limited to, a financial loss.

WHEREFORE, Plaintiffs and the Class pray that this Honorable Court enter Judgment against Defendant Duncan Solutions, Inc., in an amount in excess of $25,000.00 that is fair, just and equitable for the injuries and damages so wrongfully sustained by the Plaintiffs and the Class including, but not limited to, compensatory damages, interest, costs and attorney fees and other damages as allowed by law or equity.

## Count VII
## <u>Declaratory and Injunctive Relief</u>

101.   Plaintiffs hereby incorporate by reference herein all Paragraphs of this Complaint, as if fully state herein.

102.   Plaintiffs and the Class seek a declaratory judgment that Defendants' policies, practices, customs, acts and/or omissions as described herein are unlawful and violate their rights under the US Constitution and the laws of the State of Michigan.

103.   An order and judgment preliminarily and permanently enjoining Defendants, their subordinates, agents, employees, representatives, and all others from acting or purporting to act in concert with them, from assessing parking violation fines and late fines in excess of the fine amount prescribed by ordinance.

104.   An order and judgment preliminarily and permanently enjoining Defendants, their subordinates, agents, employees, representatives, and all others from acting or purporting to act in concert with them, from collecting parking violation fines and late fines in excess of the fine amounts prescribed by ordinance.

105.   An order and judgment preliminarily and permanently enjoining Defendants, their subordinates, agents, employees, representatives, and all others from issuing parking violation citations that do not contain notice that a $10.00 early-payment discount is available for fines paid within 10-days of assessment, as

prescribed by ordinance to Plaintiffs or any member of the Class.

## PLAINTIFFS' JURY DEMAND

Plaintiffs, on behalf of themselves and all others persons similarly situated, known and unknown, and by and through counsel demand a trial by jury in the above-captioned matter on all issues so triable.

Respectfully submitted,

GODWIN LEGAL SERVICES, PLC,

_/s/ Shaun P. Godwin_____
By:  Shaun P. Godwin (P74500)
*Attorney for Plaintiffs*
450 W. Fort St, Ste 200
Detroit MI 48226
313-288-2826/Fax 313-457-1670
shaun@godwinlegal.com

Dated: 12/21/2017

# **<u>EXHIBIT 1</u>**

## DECLARATION OF KAYLA FRIESS

I, Kayla Friess, state and declare as follows:

1. My name is Kayla Friess and I am a 25-year-old resident of Detroit, Michigan.

2. I have owed a car since July of 2016 that is registered in the State of Michigan.

3. My car has received numerous parking citations from the City of Detroit since I have owned it.

4. At least one of the parking citations stated that it was a $45 fine for the violation.

5. I paid that assessment within 10-days from the date the citation was issued and was charged $45 for that citation.

6. Due to financial hardship, I was unable to pay some of the other citations I received within the 30-day period.

7. I was assessed various additional fines for those late citations when I was able to get the money together to resolve those citations.

I declare under penalty of perjury that the statements above are true and correct. Executed on this 21 day of December, 2017

KAYLA FRIESS

Subscribed and Sworn
Before me on this 21st day
of December, 2017.

Kristen M. Minear
Notary Public, Michigan
Wayne County, Michigan
My Comission Expires: 06-19-2021

# **EXHIBIT 2**

## DECLARATION OF ISSA HADDAD

I, Issa Haddad, state and declare as follows:

1. My name is Issa Haddad and I am a 40-year-old resident of West Bloomfield, Michigan.

2. I own a car and have owned other cars that were registered in the State of Michigan.

3. These cars have received numerous parking citations from the City of Detroit.

4. At least one of the parking citations stated that it was a $45 fine for the violation.

5. I paid the citation that was issued and was charged $45 for that citation.

6. None of the citations that I have received in the last few years have included any notation regarding the availability of an early-payment discount to the fine

I declare under penalty of perjury that the statements above are true and correct. Executed on this 21st day of December, 2017

ISSA HADDAD